UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| VOLVO GROUP NORTH AMERICA, LLC )<br>d/b/a VOLVO TRUCKS NORTH AMERICA, )<br>a Delaware limited liability company )<br>)<br>      Plaintiff, )<br>)<br>      and )<br>)<br>KENWORTH TRUCK COMPANY, a )<br>Division of PACCAR INC., a Washington )<br>corporation, )<br>)<br>      Plaintiff-in-Intervention, )<br>)<br>v. )<br>)<br>TRUCK ENTERPRISES, INC., a Virginia )<br>corporation; JAMES E. HARTMAN; TRUCK )<br>ENTERPRISES ROANOKE, INC., a Virginia )<br>corporation; TRUCK ENTERPRISES )<br>LYNCHBURG, INC., a Virginia corporation; )<br>and TRUCK ENTERPRISES )<br>HAGERSTOWN, INC., a Virginia )<br>corporation, )<br>)<br>      Defendants. ) | Civil Action No. 7:18-cv-00043-EKD |

**ORDER STAYING CASE**

The parties to this suit are identical to the parties that were before the court in a similar action, *Volvo Group North America, LLC v. Truck Enterprises, Inc.*, No. 7:16-cv-25 (*Volvo I*). In *Volvo I*, Volvo Trucks North America, LLC (Volvo) sought declaratory and injunctive relief regarding the scope of its contractual and statutory rights of first refusal as it related to a 2015 business deal. As structured, that deal involved a buyer who had agreed to purchase the entirety of defendant Truck Enterprises, Inc. (TEI) through a stock sale for a single purchase price. The

deal included the sale of several TEI subsidiaries that owned dealerships for three different truck manufacturers: Volvo, Kenworth, and Isuzu.

At the summary judgment stage, the court ruled in Volvo's favor, issuing declaratory relief concerning Volvo's contractual and statutory rights of first refusal over any sale of TEI. The parties later resolved between themselves the claims of the plaintiff-in-intervention Kenworth Truck Company. (*Volvo I*, No. 7:16-cv-25, Dkt. No. 111, 115–16.) Thereafter, the court entered final judgment in favor of Volvo (*id.*, Dkt. No. 117), relying on the grounds set forth in its March 31, 2017 memorandum opinion and order and the parties' agreement that nothing was left for the court to resolve.

Defendants filed a notice of appeal, and the appeal is currently pending before the United States Court of Appeal for the Fourth Circuit. Oral argument in the case is scheduled for May 9, 2018. *See Volvo Grp. N. Am., LLC v. Truck Enters.*, No. 17-1638 (4th Cir.) (March 22, 2018 order calendaring case for oral argument).

In this case, Volvo has again filed suit against the same parties and attempts to enjoin a new deal between TEI and the same purchaser. Volvo has filed a motion for preliminary injunction asking that the court stay all deadlines related to its rights of first refusal until resolution of *Volvo I* and pending the court's eventual order in this new case. Alternatively, it asks this court to stay proceedings in this case, through the court's inherent power, pending the decision in *Volvo I*. At the hearing, Volvo noted that the parties stipulated to, and the court has entered, an order in this case staying deadlines related to Volvo's rights of first refusal until a decision on the preliminary injunction. (Dkt. No. 28.) Staying the entire case would obviously prevent a decision on the preliminary injunction and thus accomplish, in part, the same result as a preliminary injunction, as it relates to the deadlines.

Defendants point out that the new deal is structured differently than the deal at issue in *Volvo I*. They further contend that they have made every effort to comply with the court's prior order (which, of course, is still on appeal) by separately valuing the Volvo assets. Thus, they contend that Volvo has the choice here of exercising its right of first refusal over the entire deal (which would include the Kenworth and Isuzu dealerships), purchasing just the Volvo assets, or declining to exercise its right of first refusal at all. Volvo counters that it should not be required to select among choices that may be invalidated by the Fourth Circuit's reasoning and decision in *Volvo I*.

A federal court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Where there is a fair possibility that a stay "will work damage" to the party opposing it, the party seeking a stay must make out "a clear case or hardship or inequity in being required to go forward." *See id.* at 255.

Applying those standards here, the court first notes that there is a fair possibility that defendants will be damaged by a stay. A stay would require the defendants to postpone their deal for at least a short period of time awaiting the Fourth Circuit's decision. It also would affect Mr. Hartman's ability to sell his business now to a willing buyer and his ability to retire at this time, which his counsel has explained is the reason for penning a new deal. Nonetheless, the court finds that Volvo has satisfied its burden to make out a clear case of hardship or inequity in going forward. Furthermore, the court believes that the efficient administration of justice is best served by a stay.

To be sure, there are some differences between the prior deal and this one. But the court concludes that the Fourth Circuit's decision in *Volvo I* may well affect the legality of Volvo's choices under the new deal. And if Volvo were to choose a course of action that the Fourth Circuit later concludes is impermissible, either under the parties' contract or by statute, then the status of any sale based on that choice would either be left in limbo or subject to subsequent litigation touching on the same issues that the Fourth Circuit already has before it in *Volvo I*. By contrast, waiting to resolve the issues in this case until after the Fourth Circuit has the opportunity to present guidance and speak on some of the issues—raised there between these very same parties—is an efficient course of action. This is particularly true since the appeal is fully briefed and will be argued today.

For all of these reasons, the court concludes that a stay is appropriate in this case. *See Hickey v. Baxter*, 833 F.2d 1005, 1987 WL 39020, at *1 (4th Cir. 1987) (unpublished table decision) (affirming district court's stay of proceedings "while awaiting guidance from the Supreme Court in a case that could decide relevant issues"); *Harris v. Rainey*, No. 5:13-cv-77, 2014 WL 1292803, at *2 (W.D. Va. Mar. 31, 2014) (staying proceeding pending the resolution of a Fourth Circuit case where the parties before it "have a voice in the debate pending at the court of appeals"); *Collins v. S.C. Pub. Serv. Auth.*, No. 2:05-cv-2494, 2006 WL 1851305, at *2 (D.S.C. June 30, 2006) (staying case to allow court of appeals to rule on related issues in related cases).

Thus, the court hereby STAYS this case pending the issuance of the Fourth Circuit's mandate in *Volvo I*.

Entered: May 9, 2018.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge